UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ABDOUL MALIK TAHIROU,        ) <br> *Plaintiff*,       ) <br>              ) <br> v.              ) <br>              ) <br> NEW HORIZON ENTERPRISES, LLC,    ) <br> ELIZABETH JOHNSON, JANELLE    ) <br> LESINKSY, and JOYCE MICHELLE    ) <br> CARSWELL,              ) <br> *Defendants*.       ) | 3:20-CV-0281 (SVN) <br><br><br><br><br> February 28, 2022 |

**RULING ON DEFENDANTS' MOTION TO STRIKE AND DISMISS COUNTS FOUR, SEVEN, AND EIGHT OF AMENDED COMPLAINTS**

Sarala V. Nagala, United States District Judge.

Plaintiff Abdoul Malik Tahirou brings this action against Defendants New Horizon Enterprises, LLC, Elizabeth Johnson, Janelle Lesinsky,[1] and Joyce Michelle Carswell, alleging that Defendants failed to pay him appropriate wages for his work as a home health aide for a particular client. Specifically, Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (Count One) and Connecticut's Wage and Hour Law, Conn. Gen. Stat. § 31-58 *et seq.* (Count Two); that Defendants breached an oral contract with Plaintiff (Count Three); that Defendants were unjustly enriched by their conduct with Plaintiff (Count Four); that Defendants vexatiously litigated against Plaintiff in a separate state court suit concerning a non-compete clause (Count Five); that Defendants breached the implied covenant of good faith and fair dealing (Count Six); that Defendants committed statutory theft of Plaintiff's wages (Count Seven); and that Defendants wrongfully converted Plaintiff's wages (Count Eight).

---

[1] The caption of Plaintiff's complaints name "Janelle Lesinksy," while the complaints themselves reference "Janelle Lesinsky." The Court assumes the correct spelling is "Lesinsky."

At present, the operative complaint is the First Amended Complaint ("FAC"). *See* ECF No. 44. On May 4, 2021, Defendants moved to strike certain allegations from the FAC concerning the individual Defendants' alleged prior criminal convictions and to dismiss some claims within the FAC, including Counts 4, 7, and 8, and any claims that the case should proceed as a collective action and class action. ECF No. 60. On January 14, 2022, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC"); the proposed SAC removes the collective action and class action allegations, but is otherwise identical to the FAC. ECF No. 130 at 1, ECF No. 130-1 at 1, 3. Defendants oppose Plaintiff's motion to file the SAC with respect to Counts 4, 7, and 8, and persist in their motion to strike the allegations concerning the individual Defendants' alleged prior criminal convictions, but do not oppose the removal of the collective action and class allegations. ECF No. 131.

For the reasons described below, Defendants' May 4, 2021, motion to dismiss and to strike (ECF No. 60) is DENIED as moot, as a technical matter. Plaintiff's motion for leave to amend his complaint and file the Proposed SAC is GRANTED in part and DENIED in part. Specifically, Plaintiff must remove paragraphs 12, 15, and 18 of the proposed SAC, which describe the individual Defendants' alleged prior criminal convictions; and Plaintiff cannot proceed on Counts 7 (statutory theft) and 8 (conversion), as amendment of the complaint with respect to those claims is futile. The revised SAC shall be filed by **March 14, 2022**.

I.   RELEVANT BACKGROUND

Plaintiff is a licensed domestic home care professional who worked for Defendants as a home healthcare worker. ECF No. 29, FAC ¶ 8; ECF No. 130-2, Proposed SAC ¶ 8. Plaintiff filed this action on February 28, 2020. ECF No. 1. The parties' Rule 26(f) Report, which the Court adopted in relevant part, provided that Plaintiff could move to amend his complaint until

March 5, 2021.  ECF No. 22 at 3 (Rule 26(f) Report); ECF No. 31 (Scheduling Order).  On February 26, 2021, Plaintiff filed a motion for leave to file the FAC.  ECF No. 25.  On April 14, 2021, the Court held that the FAC was a permitted amendment under Federal Rule of Civil Procedure 15(a)(1) and deemed the FAC to be the operative complaint.  ECF No. 44.  On May 4, 2021, Defendants moved to strike certain allegations of the FAC; moved to dismiss Counts 4, 7, and 8 of the FAC; and moved to dismiss the collective action and class action allegations of the FAC.  ECF No. 60.  The Court did not rule on that motion before the case was transferred to the undersigned, and it remains pending.  On January 14, 2022, Plaintiff filed a motion for leave to amend his complaint again and file the Proposed SAC, which Defendants oppose in part.  ECF Nos. 130, 131.

In the FAC and Proposed SAC, Plaintiff alleges that, while he worked for Defendants, he was assigned to work with one particular client.  FAC ¶¶ 30, 33–34, 47; Proposed SAC ¶¶ 30, 33–34, 47.  Plaintiff claims that he and Defendant Johnson negotiated Plaintiff's wages, which would be $1,000 per week paid biweekly plus "an amount equivalent to 40% of the total annual amount of the client contract (after expenses)," which was to be paid to Plaintiff on a quarterly basis on or before thirty days after the end of every quarter.  FAC ¶ 35; Proposed SAC ¶ 35.  This appears to have been an oral contract.  Later, Plaintiff entered into an employment agreement with Defendants that mentioned the $1,000/week pay and a rate of $12 per hour for "any additional hours" Plaintiff worked, but not the 40% of the annual amount of the client contract.  FAC ¶ 36; Proposed SAC ¶ 36.  Plaintiff alleges that, during his tenure working for Defendants, he received no overtime pay.  FAC ¶ 47; Proposed SAC ¶ 47.  He also alleges that he was paid substantially less than was agreed for his quarterly payments.  FAC ¶ 48; Proposed SAC ¶ 48.  Plaintiff's FAC included collective

action allegations and class action allegations that he has now withdrawn. *See* FAC ¶¶ 75–84; ECF No. 130.

Plaintiff's Proposed SAC contains eight counts:

1. Minimum Wage and Overtime Violations under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;
2. Minimum Wage and Overtime Violations under Connecticut's Wage and Hour Law, Conn. Gen. Stat. § 31-58 *et seq.*;
3. Breach of Oral Contract;
4. Unjust Enrichment;
5. Vexatious Litigation;
6. Breach of the Implied Covenant of Good Faith and Fair Dealing;
7. Statutory Theft, in violation of Conn. Gen. Stat. § 52-564; and
8. Conversion.

Defendants previously moved to dismiss Counts 4 (unjust enrichment), 7 (statutory theft), and 8 (conversion) under Federal Rule of Civil Procedure 12(b)(6), *see* ECF No. 60. As a technical matter, Defendants' motion to dismiss is moot, given Plaintiff's filing of the motion for leave to file the SAC. Given that Defendants have renewed their opposition to including Counts 4, 7, and 8 in any SAC accepted for filing, however, *see* ECF No. 131, the Court will construe Defendants' contentions raised in ECF No. 60 as arguments that inclusion of Counts 4, 7, and 8 of the Proposed SAC would be futile.[2]

The Proposed SAC, like the FAC, contains three paragraphs listing prior criminal convictions allegedly sustained by each of the three individual Defendants. Proposed SAC ¶ 12 (concerning Defendant Johnson), ¶ 15 (concerning Defendant Lesinsky); ¶ 18 (concerning

---

[2] As courts in this district have held, "[w]hen 'a plaintiff amends its complaint while a motion to dismiss is pending,' which happens 'frequently,' the 'court then has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint.'" *See Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008). Here, although Plaintiff has filed a motion for leave to file the SAC, the FAC has not yet been formally amended. However, because the Court will grant in part and deny in part Plaintiff's motion for leave, and because Defendants' arguments for dismissal can be adequately addressed as futility arguments, the Court finds that Defendants' motion to strike or dismiss the FAC is moot and addresses Defendants' arguments contained in that motion in the context of Plaintiff's motion for leave to file the SAC.

Defendant Carswell). Defendants seek to strike these paragraphs from any SAC accepted for filing.

## II. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

### A. Legal Standard

Federal Rule of Civil Procedure 15(a) governs amendments before trial. Rule 15(a)(1) addresses time periods during which a party may amend its pleading once as a matter of course. Rule 15(a)(2) states that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) also provides that "[t]he court should freely give leave when justice so requires."

Rule 15(a)(2) is a "liberal" and "permissive" standard, and "'the only grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Lorely Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).[3] Importantly, the trend in this Circuit "has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017). "[M]ere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Id.* (alteration in original).

Defendants argued in their May 2021 motion opposing leave to file the FAC that the FAC was untimely filed, despite that the Court had already accepted the FAC as the operative complaint in April of 2021. ECF No. 44. Defendants do not persist in that argument in their opposition to

---

[3] *Sacerdote* addressed whether Rule 15(a)(2)'s liberal and permissive standard or Rule 16(b)'s "good cause" standard should apply to an amendment sought after a scheduling order's deadline for amendments has passed. As long as the scheduling order does not set forth a date after which no further amendments would be permitted without good cause, Rule 15(a)(2)'s standard should apply. *Sacerdote*, 95 F.4th at 115. Here, the Scheduling Order did not provide a date after which no further amendments would be permitted and after which the good cause standard would apply, and the parties do not argue that the good cause standard should apply. Thus, the Court analyzes the proposed amendment under Rule 15(a)(2)'s standard.

the filing of the Proposed SAC. *See* ECF No. 131. Nor do they argue that Plaintiff acted in bad faith or that allowing the Proposed SAC to be filed would cause them undue prejudice (with the exception of the allegations concerning the individual Defendants' alleged criminal histories, which is discussed below). Indeed, Defendants consent to the portion of the Proposed SAC that removes the collective action and class action allegations. They argue, however, that Counts 4, 7, and 8 of the Proposed SAC are futile.

"The party opposing a motion to amend bears the burden of establishing that amendment would be futile." *Brach Fam. Found., Inc. v. AXA Equitable Life Ins. Co.*, No. 16-CV-740 (JMF), 2018 WL 1274238, at *1 (S.D.N.Y. Mar. 9, 2018). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Fed. R. Civ. P.] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Markey v. Cameron Compression Sys.*, No. 10-CV-0377A (SR), 2012 WL 13180427, at *2 (W.D.N.Y. Sept. 20, 2012) (internal quotation marks omitted). Accordingly, "a proposed claim is futile if, accepting the facts alleged by the party seeking amendment as true and construing them in the light most favorable to that party, it does not 'plausibly give rise to an entitlement to relief.'" *Brach Fam. Found., Inc.*, 2018 WL 1274238, at *1.

If, however, "the underlying facts or circumstances relied upon by a plaintiff *may* be a proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test his claim on the merits." *United States v. Cont'l Ill. Nat'l Bank & Tr. Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989) (emphasis added) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Therefore, the Court "should dismiss claims for futility 'only where it is beyond doubt that the plaintiff can prove no

set of facts in support of his amended claims.'" *Richard Mfg. Co. v. Richard*, 513 F. Supp. 3d 261, 290 (D. Conn. 2021).

### B. Count Four (Unjust Enrichment)

Defendants argue that Count Four of the Proposed SAC is futile because Plaintiff cannot pursue an unjust enrichment claim while also attempting to recover through both contractual and statutory causes of action. Plaintiff claims that his unjust enrichment claim is pleaded in the alternative to recovery under the oral contract alleged in Count Three and to recovery under the FLSA and Connecticut Wage and Hour Law alleged in Counts One and Two.

"A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." *Town of New Hartford v. Conn. Res. Recovery Auth.*, 291 Conn. 433, 451 (2009) (quotation marks and citation omitted). "Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." *Id.* at 451–52 (quotation marks and citation omitted).

The Federal Rules of Civil Procedure "contemplate and permit a plaintiff to plead in the alternative." *Metzner v. Quinnipiac Univ.*, 528 F. Supp. 3d 15, 34–35 (D. Conn. 2021); *see* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or . . . in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

It is well-settled that while a plaintiff "cannot recover under both breach of contract and unjust enrichment, plaintiffs may plead these theories in the alternative." *Stevens v. Landmark*

7

*Partners, Inc.*, No. 3:09CV498 (PCD), 2009 WL 3151327, at *4 (D. Conn. Sept. 24, 2009). Pleading breach of contract and unjust enrichment claims in the alternative is particularly common where there is a dispute about whether there is an enforceable contract. *See Metzner*, 528 F. Supp. 3d at 34–35 (allowing breach of contract and unjust enrichment claims to proceed where there was a "genuine dispute" about the existence of an enforceable contract); *MedPricer.com Inc. v. Becton, Dickinson & Co.*, No. 3:13-CV-1545 (MPS), 2014 WL 3700992, at *3 (D. Conn. July 25, 2014) ("While proof of an enforceable contract might preclude application of an unjust enrichment theory, the plaintiff may be unable to prove an enforceable contract and, at least in the early stages of the proceedings, is entitled to plead inconsistent theories.") (quoting *William Raveis Real Est. v. Cendant Mobility Corp.*, No. CV054002709S, 2005 WL 3623815, at *2 (Conn. Super. Ct. Dec. 6, 2005)).  However, parties who plead breach of contract and unjust enrichment claims "are entitled only to a single measure of damages arising out of these alternative claims." *Naples v. Keystone Bldg. & Dev. Corp.*, 295 Conn. 214, 238 (2010) (quoting *Stein v. Horton*, 99 Conn. App. 477, 485 (2007)).

Here, Plaintiff has pleaded both breach of an oral contract in Count Three and an unjust enrichment claim in Count Four.  Given the early stage of the proceedings, the Court assumes that there is a dispute about the enforceability of the oral contract.  Plaintiff claims he is pursuing his unjust enrichment count in the alternative to other counts, but the unjust enrichment count of the Proposed SAC is not expressly labeled as a count pleaded in the alternative to any other count. *See* ECF No. 130-2 ¶¶ 110–14.  At least some cases permitting unjust enrichment claims to be pursued as an alternative to contract theories involve unjust enrichment counts explicitly pleaded in the alternative. *See, e.g.*, *NovaFund Advisors, LLC v. Capitala Grp., LLC*, No. 3:18-CV-1023 (MPS), 2019 WL 1173019, at *15 (D. Conn. Mar. 13, 2019) ("[The plaintiff's] complaint

explicitly asserts its unjust enrichment 'in the alternative.'"). If the intent to plead the claims in the alternative is not expressly stated in the complaint, the question is whether it can be inferred that the counts are to be pleaded in the alternative. *Bolmver v. Kocet*, 6 Conn. App. 595, 612 (1986) ("Although the plaintiffs did not specifically label [the unjust enrichment count] as being in the alternative to the [contractual counts], it is clear that it is meant to provide an alternative basis for recovery in the event of a failure of proof under those counts."); *G-I Holdings, Inc. v. Baron & Budd*, 238 F. Supp. 2d 521, 536 (S.D.N.Y. 2002) (noting no need to use particular words to plead in the alternative as long as alternative pleading can be inferred).

Nothing in the Proposed SAC allows the Court to infer Plaintiff's intention to plead the unjust enrichment claim in the alternative to any other claim. Indeed, Count Four incorporates by reference all of the factual allegations of the complaint and the allegations of Counts One, Two, and Three, conflating all the theories, and specifically discusses breach of the alleged oral agreement, which runs counter to an unjust enrichment theory. *See* ECF No. 130-2 ¶¶ 110–11. In refiling the Proposed SAC, if Plaintiff wishes to persist in pleading its unjust enrichment claim as an alternative theory to its breach of contract claim alleged in Count Three, Plaintiff shall make explicit his intent.

Defendants' argument that unjust enrichment cannot be pleaded as an alternative to a statutory remedy is slightly more complicated. Defendants cite to *Town of Plainville v. Almost Home Animal Rescue & Shelter, Inc.*, 182 Conn. App. 55, 71 (2018), for the proposition that, where a statute provides an adequate remedy "for the recovery of a benefit that is also recoverable at common law," a plaintiff may not pursue an equitable claim such as unjust enrichment, *see id.* at 69–71. But *Town of Plainville* does not address the issue of theories pleaded in the alternative, and does not pertain to either the FLSA or Connecticut's Wage and Hour Law. Plaintiff's cited

authority, *Norflet v. John Hancock Financial Services, Inc.*, 422 F. Supp. 2d 346, 356 (D. Conn. 2006), is likewise inapposite as it addresses a cause of action under 42 U.S.C. § 1981 for racial discrimination, rather than an FLSA claim.

Defendants have not argued that the FLSA would preempt Plaintiff's unjust enrichment claim. The Court has been unable to find any Second Circuit authority so holding. *See Patel v. Baluchi's Indian Restaurant*, No. 08 Civ. 9985 (RJS), 2009 WL 2358620, at *8 (S.D.N.Y. July 30, 2009) (noting a lack of Second Circuit authority holding that the FLSA preempts state common law claims in general or unjust enrichment claims in particular); *Chalusian v. Simsmetal E. LLC*, 698 F Supp. 2d 397, 407–09 (S.D.N.Y. 2010) (allowing plaintiff's unjust enrichment claim to proceed past motion to dismiss given the uncertainty about whether the unjust enrichment claim was "based solely on an FLSA violation" and the "unsettled nature of the law" on preemption).

In the procedural context of this case, where Defendants are opposing the motion for leave to amend, they bear the burden of showing that the proposed amendment would be futile. *See Brach Fam. Found.*, 2018 WL 1274238, at *1. Defendants have not met that burden here with respect to their argument that the unjust enrichment claim cannot proceed in the alternative to statutory claims, such as Count One's FLSA claim and Count Two's Connecticut Wage and Hour Law claim. As discussed above, however, in refiling the Proposed SAC, if Plaintiff wishes to persist in pleading its unjust enrichment claim as an alternative theory to its FLSA and Connecticut Wage and Hour Law claims, Plaintiff shall make explicit his intent. Defendants will be free to challenge the merits of that claim at a later stage in the case.

C. Count Seven (Statutory Theft) and Count Eight (Conversion)

Defendants argue that Plaintiff's proposed claims for statutory theft, pursuant to Conn. Gen. Stat. § 52-564, and common law conversion are futile because an allegation of unpaid wages cannot support these claims. The Court agrees.

In *Deming v. Nationwide Mutual Insurance Co.*, 279 Conn. 745, 770 (2006), the Connecticut Supreme Court explained that the tort of conversion "occurs when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights." (internal punctuation and citations omitted). The word "owner" in the context of conversion claims is "flexible," and applies to a person who has "possession and control" of a chattel as well as one who has "the absolute right" in that chattel. *Id.* at 770–71. The *Deming* court also explained that statutory theft under § 52-564 "is synonymous with larceny" and is committed when a person, "with intent to deprive another of property or to appropriate the same to himself or a third person, . . . wrongfully takes, obtains, or withholds such property from an owner." *Id.* at 771. The distinction between a conversion claim and a statutory theft claim is that the latter requires proof of the defendant's intent to deprive the plaintiff of her property and the former requires that the plaintiff be harmed by the defendant's conduct. *Id.* Because of the other basic similarities between conversion and statutory theft claims, however, courts frequently analyze them together.

Under Connecticut law, money can be the subject of conversion or statutory theft claims, but the plaintiff "must establish . . . legal ownership or right to possession of specifically identifiable moneys." *Id.* at 771–72. These actions "may not be maintained to satisfy a mere obligation to pay money. . . . It must be shown that the money claimed, or its equivalent, at all times belonged to the plaintiff and that the defendant converted it to his own use." *Id.* at 772

(alteration in original) (quoting *Macomber v. Travelers Prop. & Cas. Corp.*, 261 Conn. 620, 650 (2002)). *Deming* also cited with approval a Florida case holding that "[a] mere obligation to pay money may not be enforced by a conversion action . . . and an action in tort is inappropriate where the basis of the suit is a contract, either express or implied." *Id.* at 772 (alteration in original) (quoting *Belford Trucking Co. v. Zagar*, 243 So.2d 646, 648 (Fla. Dist. Ct. App. 1970)). With these principles in mind, the *Deming* court held that deferred compensation maintained in separate accounts but which, according to the plaintiffs' contract, did not vest until their employment was terminated, could not serve as the basis for conversion or statutory theft claims. *Id.* at 773.

Plaintiff's claims for conversion and statutory theft fare no better than those alleged in *Deming*. First, to the extent Plaintiff's conversion and theft claims are based on funds allegedly owed to Plaintiff under his employment agreement, such tort actions are "inappropriate." *See Macomber*, 261 Conn. at 650 (noting that "an action in tort is inappropriate where the basis of the suit is a contract, either express or implied" (quoting *Zagar*, 243 So.2d at 648)); ECF No. 71 at 6 (noting that the specific and identifiable money over which Plaintiff allegedly has legal ownership and right to possession includes "40% of the total annual amount of the *contract* for Plaintiff's client" (emphasis added)); Proposed SAC ¶ 130 ("Defendants have unlawfully withheld the property of Plaintiff in the form of . . . payment of profits *under the agreement* between the parties . . . .") (emphasis added). As in *Deming*, Plaintiff's entitlement to the payments here rests in part on the validity and interpretation of a contract—specifically, the oral contract alleged in Count Three. Thus, under these circumstances, a simultaneous tort action is inappropriate. *See Macomber*, 261 Conn. at 650.

Second, Plaintiff is attempting to enforce Defendants' alleged obligation to pay Plaintiff money, rather than seeking funds over which he previously had legal ownership or a right to

12

possess.  *See Deming*, 279 Conn. at 772; *Macomber*, 261 Conn. at 650.  This is not a case where Plaintiff owned or ever was in possession of specific identifiable sums of money that are currently in Defendants' possession, as in the typical conversion case, or that were wrongfully taken with bad intent, as in a normal statutory theft case; instead, the prerequisite of Plaintiff's entitlement to the funds in the first instance is a central dispute here.[4]

Because Counts Seven and Eight of Plaintiff's Proposed SAC would not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court finds that their inclusion in any amended complaint would be futile.  The revised Proposed SAC submitted for filing shall remove Counts Seven (statutory theft) and Eight (conversion).

### III.    MOTION TO STRIKE

Motions to strike are governed by Rule 12(f) of the Federal Rules of Civil Procedure.  Rule 12(f) provides, in pertinent part, that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  A party moving to strike "bears a heavy burden and must show that (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the issues in the case; and (3) permitting allegations to stand would result in prejudice to the movant."  *MC1 Healthcare, Inc. v. United Health Grp., Inc.*, No. 3:17-CV-01909 (KAD), 2019 WL 2015949, at *11 (D. Conn. May 7, 2019) (internal punctuation omitted) (quoting *Walczak v. Pratt & Whitney*, No. 3:18-CV-0563 (VAB), 2019 WL 145526, at *2 (D. Conn. Jan. 9, 2019)), *reconsideration granted in part*, 2019 WL 3202965 (D. Conn. July 16, 2019).

---

[4] The Court need not accept as true "legal conclusion[s] couched as . . . factual allegation[s]," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Here, Plaintiff's statement that he is the "rightful and legal owner of his wages and profits under his employment agreement," Proposed SAC ¶ 130, is merely a legal conclusion couched as a factual allegation.

13

The Court finds that the allegations concerning the criminal convictions allegedly sustained by the three individual Defendants, which appear in paragraphs 12, 15, and 18 of the Proposed SAC, should be stricken pursuant to Rule 12(f). To begin, such allegations are immaterial, impertinent, and scandalous. The convictions alleged are both misdemeanors and felonies; they range from failures to appear and probation violations to credit card fraud and assault. Plaintiff's contention that the convictions referenced in the SAC "all involve crimes involving financial theft," ECF No. 71 at 13–14, is simply untrue, as a number of them, such as assault and failure to appear, plainly do not. Plaintiff's purpose in including the allegations appears to be simply to cast the individual Defendants in a negative light. It is difficult for the Court to see how the referenced criminal convictions of the individual Defendants could have any bearing on this action for unpaid wages brought under a contractual agreement and a complex statutory and regulatory framework.

Moreover, at this juncture, given the nature of the claims that the Court finds can proceed in the SAC, it appears unlikely that any evidence in support of the allegations in paragraphs 12, 15, or 18 would be admissible at trial. The convictions referenced in the Proposed SAC date from 1978 to 2004 and thus would be subject to Federal Rule of Evidence 609, which applies to attacking a witness's character for truthfulness by evidence of a criminal conviction if more than ten years have passed since the witness's conviction or release from confinement, and Federal Rule of Evidence 403, which sets forth a general balancing test for admissibility of evidence. Under Rule 609, evidence of the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and the proponent gives reasonable written notice of its intent to use the evidence. Fed. R. Evid. 609(b). Plaintiff's argument that the convictions are relevant to the individual Defendants' intent for committing statutory theft, *see* ECF No. 71 at 13–14, fails, as the Court has already determined that claim

14

cannot be pursued in the SAC. But even if any of Plaintiff's claims necessitated proof of the individual Defendants' "states of mind and their decision-making process," as Plaintiff claims, it is far from clear that convictions that are at least eighteen years old (and at most forty-four years old) could demonstrate malintent decades later. Certainly, at this stage, Plaintiff has not demonstrated that the convictions would have probative value that would substantially outweigh their prejudicial effects. *See* Fed. R. Evid. 609, 403. Thus, permitting the allegations to stand in the operative complaint, given how old and unrelated they are to the matters at issue in this case, unfairly prejudices the individual Defendants. *See Williams v. Lipscomb*, No. 7:17-cv-00446, 2018 WL 3672752, at *5 (W.D. Va. Aug. 2, 2018) (striking criminal history allegations as immaterial and prejudicial); *Sirazi v. Gen. Mediterranean Holding, SA*, No. 12 C 0653, 2013 WL 812271, at *9 (N.D. Ill. Mar. 5, 2013) (striking irrelevant criminal history allegations); *De Lamos v. Mastro*, No. CV-10-1654-PHX-FJM, 2010 WL 3809936, at *3–4 (D. Ariz. Sept. 20, 2010) (same).[5]

The Court therefore ORDERS Plaintiff to submit a revised SAC that removes paragraphs 12, 15, and 18.

IV. **CONCLUSION**

For the reasons explained above, Plaintiff's motion for leave to file a Second Amended Complaint (ECF No. 130) is GRANTED in part and DENIED in part. Defendant's Motion to Strike or Dismiss the First Amended Complaint (ECF No. 60) is DENIED as moot, though the Court considered its arguments in connection with analyzing Plaintiff's motion for leave to file the Second Amended Complaint.

Plaintiff shall file a revised Second Amended Complaint that removes paragraphs 12, 15, and 18, and Counts Seven and Eight. Additionally, if Plaintiff wishes to continue to pursue his

---

[5] If the theory of the case or other relevant circumstances change by the time of trial, Plaintiff may raise the issue of admissibility of the evidence of Defendants' prior convictions at that time.

unjust enrichment claim, he shall specify in the revised Second Amended Complaint that it is pleaded in the alternative, and shall identify as to which counts it is an alternative theory. The revised Second Amended Complaint shall be filed by **March 14, 2022**.

**SO ORDERED** at Hartford, Connecticut, this 28th day of February, 2022.

                                             */s/ Sarala V. Nagala*
                                            SARALA V. NAGALA
                                            UNITED STATES DISTRICT JUDGE