UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ABDOUL MALIK TAHIROU, | ) | 3:20-CV-281 (SVN) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEW HORIZON ENTERPRISES, LLC, | ) | |
| ELIZABETH JOHNSON, and JANELLE | ) | March 23, 2023 |
| LESINSKY, | ) | |
| *Defendants*. | ) | |

**RULING ON THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT, PLAINTIFF'S MOTION FOR DEFAULT, AND PLAINTIFF'S MOTION FOR SANCTIONS**

Sarala V. Nagala, United States District Judge.

Plaintiff Abdoul Malik Tahirou has brought this action against Defendants New Horizon Enterprises, LLC ("New Horizon"), Elizabeth Johnson, and Janelle Lesinsky, alleging that Defendants failed to pay him appropriate wages for his work as a home health aide for a particular client. Following Plaintiff's withdrawal of various claims, he now alleges only that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. § 31-58 *et seq.*

Presently pending before the Court are cross-motions for summary judgment on these claims filed by Plaintiff and Defendants Johnson and Lesinsky. New Horizon has also moved for summary judgment on a vexatious litigation claim that Plaintiff has now withdrawn. For the reasons below, Plaintiff's summary judgment motion is DENIED; Johnson's summary judgment motion is DENIED; Lesinsky's summary judgment motion is GRANTED IN PART and DENIED IN PART; and New Horizon's summary judgment motion is DENIED AS MOOT.

Separately, Plaintiff has also moved for both entry of default and sanctions against New Horizon. Plaintiff's motion for entry of default is GRANTED, and his motion for sanctions is DENIED AS MOOT.

## I. FACTUAL BACKGROUND

Unless otherwise noted herein, the parties agree on the following facts. Defendant New Horizon is a home health agency that Defendant Lesinsky founded in 2010. Defs.' Local Rule ("L. R.") 56(a)2 St., ECF No. 164-1, ¶ 3; Pl.'s L. R. 56(a)2 St. as to Johnson's Mot., ECF No. 165-1, ¶ 1. Plaintiff is an independent living skills trainer who cares for disabled patients with brain injuries and helps to rehabilitate them. Defs.' L. R. 56(a)2 St. ¶ 1. Plaintiff's work for these patients includes cooking, cleaning, and housekeeping, taking patients to appointments, paying patients' bills, bathing patients, and managing patients' day-to-day activities. *Id.* Plaintiff worked for New Horizon from December 6, 2017, until May 1, 2019. *Id.* ¶¶ 4, 6, 11. Before joining New Horizon, Plaintiff worked for a company called Employment Options. *Id.* ¶ 2. During his tenure there, Plaintiff provided care for a client with the initials "BM." *Id.* Because BM required total, around-the-clock care, Plaintiff slept at BM's house. *Id.*

In 2017, Plaintiff became dissatisfied with the compensation he was receiving at Employment Options and began to explore leaving the company and taking the BM account with him. *Id.* ¶ 3. In December of 2017, Plaintiff contacted Defendant Johnson—who had left Employment Options in 2011, to work at New Horizon—to discuss working for New Horizon and bringing his sole client, BM, with him. *Id.*; Pl.'s L. R. 56(a)2 St. as to Johnson's Mot. ¶¶ 1, 3. Plaintiff joined New Horizon later that same month, Defs.' L. R. 56(a)2 St. ¶ 4, after Johnson hired him on behalf of the company, Pl.'s L. R. 56(a)2 St. as to Johnson's Mot. ¶ 8.

As memorialized in an "Offer to Rehire"[1] letter from New Horizon, Plaintiff agreed to a "base work week schedule" comprised of weekday shifts from 6:00 p.m. to 11:00 a.m. from Monday through Friday and a "live in weekend shift" from Saturday at 11:00 a.m. until Sunday at 11:00 a.m. Defs.' L. R. 56(a)2 St. ¶ 4. The parties further agreed that "all shifts include sleep time,"[2] and that Plaintiff's "base compensation rate" for working this schedule would be $1,000 per week. *Id.* Finally, the parties agreed that "any hour in the base schedule" that Plaintiff was unable to work would "be deducted from [his] base compensation" and that any additional hours Plaintiff worked would be added at a rate of $12 per hour. *Id.* (alteration in original).

The parties dispute precisely how they arrived at Plaintiff's employment agreement. Johnson asserts that Plaintiff told her what hours he would be working, demanded to be paid $1,000 per week, demanded a percentage of the profits New Horizon derived from his care for BM, and presented these demands as a "take it or leave it" offer, leaving no room for negotiation. Johnson's L. R. 56(a)1 St., ECF No. 153, ¶¶ 4–7. While Plaintiff agrees that he requested 40% of the profits derived from his client, he asserts that Johnson was responsible for structuring his schedule and his $1,000 weekly payments. Pl.'s L. R. 56(a)2 St. as to Johnson's Mot. ¶¶ 4–7.

Plaintiff worked for New Horizon for 71.5 weeks. Defs.' L. R. 56(a)2 St. ¶ 6. During this time, his normal work schedule consisted of one 24-hour weekend shift and weekday shifts from 6:00 p.m. to 11:00 a.m., for a total of 133 hours per week. *Id.* ¶¶ 5, 7. Although Defendants do not dispute that this was Plaintiff's normal schedule, they assert that this schedule does not account for Plaintiff's sleep time. *Id.* ¶ 5. Specifically, Defendants contend that Plaintiff slept for an average of four-and-a-half to five hours each night and that his sleep time was to be excluded from

---

[1] The record does not make clear whether Plaintiff previously worked for New Horizon. Nonetheless, the offer letter New Horizon provided to him was styled as an "Offer to Rehire" and, thus, the Court refers to it as such in this ruling.
[2] As discussed in further detail below, the parties disagree on whether this portion of the agreement meant that Plaintiff's sleeping periods were to be subtracted from the hours he worked.

3

his compensable hours. Defs.' St. Add'l Mat. Facts, ECF No. 164-1, ¶¶ 1–2. In addition, the parties dispute whether Plaintiff was paid for his last two weeks of work for New Horizon. Defs.' L. R. 56(a)2 St. ¶ 9.

The parties further dispute the manner in which New Horizon is managed on a day-to-day basis. Pl.'s L. R. 56(a)2 St. as to Johnson's Mot. ¶ 2. Defendants Johnson and Lesinsky assert that, at all relevant times, day-to-day management of the company was split between Johnson and Joyce Michelle Carswell, whom Plaintiff previously named in this action but was unable to serve and is thus not presently a Defendant. Johnson's L. R. 56(a)1 St. ¶ 2; Lesinsky's L. R. 56(a)1 St., ECF No. 156, ¶ 4. Lesinsky further contends that she was a "hands off" owner of New Horizon, that her role was limited to processing payroll, and that she took no part in hiring, firing, or scheduling employees, did not discuss Plaintiff's compensation with him, and did not help prepare New Horizon's Offer to Rehire letter to Plaintiff. Lesinsky's L. R. 56(a)1 St. ¶¶ 3, 5, 6, 8–15. Plaintiff, on the other hand, asserts that Johnson, Lesinsky, and Carswell all ran the day-to-day management of New Horizon and cooperated on matters such as employee timekeeping, that Lesinsky handled New Horizon's tax matters and oversaw employee payroll, and that Lesinsky cooperated with Johnson with respect to, among other things, hiring employees. Pl.'s L. R. 56(a)2 St. as to Johnson's Mot. ¶ 2; Pl.'s L. R. 56(a)2 St. as to Lesinsky's Mot., ECF No. 166-1, ¶¶ 2–3. Plaintiff further asserts that Lesinsky was involved in his employment agreement, met with Plaintiff before he was hired, was responsible for overseeing Plaintiff's profit-sharing compensation and drafting checks to Plaintiff for that compensation, and was responsible for general management of payroll. Pl.'s L. R. 56(a)2 St. as to Lesinsky's Mot. ¶¶ 4–6, 8–13. Plaintiff admits, however, that Lesinsky was not involved in setting his schedule. *Id.* ¶¶ 14–15.

In addition, Johnson asserts that she was involved in a serious motor vehicle accident and suffered a traumatic brain injury shortly after Plaintiff joined New Horizon. Johnson's L. R. 56(a)1 St. ¶ 9. She further asserts that, after suffering this injury, her role in running New Horizon was limited and Carswell handled most day-to-day operations, *id.* ¶ 10; Plaintiff disputes this point, contending that Johnson interviewed and approved candidates for employment, discussed all hiring decisions with Lesinsky, communicated with Carswell about New Horizon's business, and was heavily involved in New Horizon's day-to-day operations, Pl.'s L. R. 56(a)2 St. as to Johnson's Mot. ¶ 10. Plaintiff also disputes Johnson's assertions that Carswell—and not Johnson—had the authority to hire and fire, maintained New Horizon's employee records, was responsible for scheduling employees, and was responsible for setting the terms and conditions of employment at New Horizon, including employees' rates of pay. *Id.* ¶¶ 11–19.

## II.  RELEVANT PROCEDURAL HISTORY

Plaintiff initiated this action in February of 2020, and subsequently moved for a prejudgment remedy ("PJR") against all Defendants and for disclosure of New Horizon's assets. ECF Nos. 79, 80. After hearing evidence, U.S. Magistrate Judge Thomas O. Farrish granted in part and denied in part Plaintiff's request for a PJR and granted Plaintiff's request for disclosure of assets. ECF Nos. 142, 143.

Meanwhile, Plaintiff's Second Amended Complaint ("SAC"), ECF No. 146, became operative. The SAC contained six causes of action: (1) violation of the FLSA; (2) violation of the CMWA; (3) breach of an oral contract; (4) unjust enrichment, pleaded in the alternative to Counts One, Two, and Three; (5) vexatious litigation, in connection with a separate suit New Horizon initiated against Plaintiff related to his non-compete agreement; and (6) breach of the implied covenant of good faith and fair dealing. In April of 2022, Plaintiff and all three Defendants each

filed separate motions for summary judgment as to various causes of action. Plaintiff's motion for summary judgment withdrew Counts Three, Four, and Six of the SAC. ECF No. 148 at 2. Shortly thereafter, Plaintiff also withdrew Count Five of the SAC by consent of the parties pursuant to Federal Rule of Civil Procedure 15(a)(2). ECF No. 170. Therefore, the currently pending counts of the SAC are only the FLSA and CMWA claims, Counts One and Two.

In July of 2022, defense counsel moved to withdraw from this action because his relationship with his clients had broken down irretrievably, ECF No. 177. The Court granted the motion to withdraw but provided Defendants thirty days to determine how to proceed with respect to their representation in this action. ECF No. 186. In doing so, the Court noted that, while Johnson and Lesinsky could elect to proceed as self-represented parties, New Horizon—as a limited liability company—could not do so and, thus, its failure to engage successor counsel could result in entry of default against it. *Id.* Johnson and Lesinsky subsequently filed notices of appearance as self-represented parties. ECF Nos. 189, 191. To date, no successor counsel has appeared on behalf of New Horizon.

In September of 2022, Plaintiff moved for entry of default against New Horizon based on its failure to retain successor counsel. ECF No. 198. In January of 2023, Plaintiff again requested entry of default against New Horizon, this time as a sanction for New Horizon's failure to comply with the Court's orders. ECF No. 204.

**III.    PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST NEW HORIZON**

The Court first grants Plaintiff's motion for entry of default against New Horizon. Federal Rule of Civil Procedure 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Default may be warranted, for

6

example, where a corporate defendant withdraws it counsel and fails to retain substitute counsel. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011) (holding that Rule 55(a) default was proper where limited liability company "withdrew its counsel without retaining a substitute"). The Court granted defense counsel's motion to withdraw from this action on July 26, 2022. ECF No. 186. In doing so, the Court noted that, as a limited liability company, New Horizon could not proceed as a self-represented party. *Id.* The Court further stated that, if New Horizon failed to engage successor counsel, a default could be entered against it. *Id.* To date, no successor counsel has appeared on behalf of New Horizon. Therefore, the Court directs the Clerk to enter default against New Horizon. By **April 13, 2023**, Plaintiff shall move for default judgment against New Horizon pursuant to Federal Rule of Civil Procedure 55(b).

## IV. THE PARTIES' SUMMARY JUDGMENT MOTIONS

Next, the Court addresses the pending summary judgment motions filed by Plaintiff and Defendants Johnson and Lesinsky.[3]

Preliminarily, Plaintiff states in his moving papers that he is withdrawing Counts Three, Four, and Six. ECF No. 148 at 2. The elimination of some but not all claims from an action is properly accomplished via an amendment to a plaintiff's pleading under Federal Rule of Civil Procedure 15(a). *See Puccino v. SNET Info. Servs., Inc.*, No. 3:09-CV-1551 (CFD), 2011 WL 13237585, at *1 (D. Conn. Nov. 14, 2011) ("[A] plaintiff wishing to eliminate some but not all claims or issues from the action should amend the complaint under Fed. R. Civ. P. 15(a), rather than dismiss under Fed. R. Civ. P. 41(a)."). The Court thus construes Plaintiff's statements that he is withdrawing Counts Three, Four, and Six as a request to amend his SAC pursuant to Rule

---

[3] Because Plaintiff has withdrawn Count Five, the only count as to which New Horizon had moved for summary judgment, New Horizon's motion for summary judgment is denied as moot in its entirety. Additionally, because the Court has granted Plaintiff's motion for default entry against New Horizon, Plaintiff's summary judgment motion is denied as moot to the extent he seeks summary judgment against New Horizon.

7

15(a)(2), which allows for amendment with the opposing party's consent or the Court's leave. Absent objection from Defendants, Plaintiff's request to amend is granted, and Counts Three, Four, and Six are removed from the SAC.

Thus, only Counts One and Two of Plaintiff's SAC remain pending. Plaintiff and Defendants Johnson and Lesinsky have separately moved for summary judgment on both counts. In his motion, Plaintiff argues that no questions of material fact remain with respect to Johnson's liability, but he concedes that Lesinsky is not an "employer"—and therefore cannot be held liable—under either the FLSA or the CMWA. All Defendants have opposed Plaintiff's motion, arguing that many material facts are disputed, including whether Plaintiff and New Horizon agreed to exclude sleep time from Plaintiff's compensable time, whether Johnson was an "employer" for purposes of the FLSA and the CWMA, and whether New Horizon and Johnson acted in good faith with respect to Plaintiff's compensation, which is relevant to Plaintiff's claim for liquidated damages. Additionally, Johnson and Lesinsky have filed cross-motions for summary judgment, in which they assert that they are not "employers" for purposes of the FLSA or the CMWA.

Importantly, "employer" status is a prerequisite for liability under both the FLSA and the CMWA. *See Pau v. Chen*, No. 3:14CV841(JBA), 2015 WL 6386508, at *6 (D. Conn. Oct. 21, 2015) ("To be liable under the FLSA or the CMWA, one must be an 'employer.'"). Accordingly, the Court takes up this issue first. For the reasons below, no questions of material fact preclude a finding as a matter of law that Lesinsky is not an employer under the CMWA. As a result, the Court grants summary judgment in favor of Lesinsky on Count Two and denies Plaintiff's request for summary judgment against Lesinsky on this claim. By contrast, genuine issues of material fact preclude the Court from deciding as a matter of law whether Lesinsky is an employer under the FLSA, and whether Johnson is an employer under either the FLSA or the CMWA. Because

Johnson's and Lesinsky's only ground for seeking summary judgment is that they are not employers under either statute, these issues of fact mandate denial of Johnson's motion as to Counts One and Two and Lesinsky's motion as to Count One. Moreover, because Johnson and Lesinsky cannot be held liable unless they are employers under the FLSA or the CMWA, these issues of fact likewise preclude summary judgment in Plaintiff's favor on his remaining claims against these Defendants.

### A. Legal Standard

#### 1. Federal Rule of Civil Procedure 56(a)

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that a court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is material only where the determination of the fact might affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). With respect to genuineness, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing there is no genuine issue of material fact in dispute will be satisfied if the movant can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears an initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. A movant, however, "need not prove a negative

9

when it moves for summary judgment on an issue that the [non-movant] must prove at trial. It need only point to an absence of proof on [the non-movant's] part, and, at that point, [the non-movant] must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 324). The non-moving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his or her favor. *Anderson*, 477 U.S. at 249. If the non-movant fails "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof," then the movant will be entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted). "[O]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

    2. *The FLSA and the CMWA*

Subject to certain exceptions that are not relevant here, both the FLSA and the CMWA require employers to pay their employees a minimum wage. 29 U.S.C. § 206(a)(1)(C); Conn. Gen. Stat. § 31-58 *et seq.* Both statutes also require employers to pay time-and-a-half for time an employee works in excess of forty hours per week. 29 U.S.C. § 207(a)(1); Conn. Gen. Stat. § 31-76c. To be held liable under the FLSA or the CMWA, an individual must be an "employer," as that term is defined in the statutes. *Pau*, 2015 WL 6386508, at *6.

10

The FLSA defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). When determining whether an employment relationship exists under the FLSA, courts evaluate the "economic reality" of the relationship by focusing on whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).[4] "No one of the four factors standing alone is dispositive," because "the 'economic reality' test encompasses the totality of the circumstances." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999). Relatedly, the "lack of one *Carter* factor is not fatal" to a plaintiff's claim against an individual defendant, *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 36 (E.D.N.Y. 2015), and, "[b]ecause *Carter* defines employment more narrowly than [the] FLSA requires, satisfying this test is sufficient, but not necessary, to show joint employment," *Greenawalt*, 642 F. App'x at 37.

Even in the individual-liability context, "the remedial nature of the FLSA warrants an expansive interpretation of its provisions so that they will have the widest possible impact in the national economy." *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013) (cleaned up). When considering the liability of an individual within a company that itself is undisputedly a plaintiff's employer, "evidence indicating operational control over the company's employment of [the plaintiff] is relevant to the court's economic reality analysis, and may supplement the formal

---

[4] This Second Circuit has also set forth additional factors that are most pertinent to distinguishing between independent contractors and employees, as well as other factors that are most pertinent to assessing subcontractor relationships. *See Greenawalt v. AT & T Mobility LLC*, 642 F. App'x 36, 37–38 (2d Cir. 2016) (summary order) (citing, in part, *Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 72 (2d Cir. 2003), and *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988)); *Granda v. Trujillo*, No. 18 CIV. 3949 (PAE), 2019 WL 367983, at *5 (S.D.N.Y. Jan. 30, 2019).

11

control factors." *Michalow v. E. Coast Restoration & Consulting Corp.*, No. 09 CV 5475 (SLT) (RML), 2017 WL 9400690, at *4 (E.D.N.Y. July 11, 2017), *report and recommendation adopted*, No. 09-CV-5475(KAM)(RML), 2018 WL 1559762 (E.D.N.Y. Mar. 31, 2018). "A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment." *Irizarry*, 722 F.3d at 110. "[E]vidence showing an individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employees." *Id.* (internal punctuation omitted). Because the question of whether a defendant is an employer under the FLSA "is a mixed question of law and fact, with the existence and degree of each relevant factor lending itself to factual determinations," individual employer liability "is rarely suitable for summary judgment." *Alvarado v. GC Dealer Servs. Inc.*, 511 F. Supp. 3d 321, 356 (E.D.N.Y. 2021).

The CMWA "employs a somewhat different definition of 'employer' than the FLSA," *Tapia v. Mateo*, 96 F. Supp. 3d 1, 5 (D. Conn. 2015), defining employer as an individual or legal entity who "employ[s] any person," Conn. Gen. Stat. § 31-71a(1), or who "act[s] directly as, or on behalf of, or in the interest of an employer in relation to employees," Conn. Gen. Stat. § 31-58(d). "In fleshing out this definition, the Connecticut Supreme Court has declined to adopt the 'economic reality test' that applies to the FLSA." *Lin v. W & D Assocs., LLC*, No. 3:14-cv-164 (VAB), 2015 WL 7428528, at *7 (D. Conn. Nov. 20, 2015) (quotation marks omitted). Instead, for purposes of the CMWA, the term "employer" "encompasses an individual who possesses the ultimate authority and control within a corporate employer to set the hours of employment and pay

wages and therefore is the specific or exclusive cause of improperly failing to do so." *Butler v. Hartford Tech. Inst., Inc.*, 704 A.2d 222, 227 (Conn. 1997).

    B. Discussion

        *1. Defendant Johnson*

Genuine issues of material fact preclude summary judgment on the issues of whether Defendant Johnson is an employer under the FLSA and the CMWA. On the one hand, Plaintiff has presented evidence that Johnson had the authority to hire employees and principally negotiated and drafted the employment agreement setting Plaintiff's hours and compensation. *See* Pl.'s L. R. 56(a)2 St. as to Johnson's Mot. ¶¶ 4–7; Johnson PJR Hearing Testimony, ECF No. 148, at 77:17–20; Pl. Dep. Tr., ECF No. 164-3, at 18:16–17. Defendants, on the other hand, have presented evidence that Johnson did not set employee work schedules or control Plaintiff's conditions of employment because Carswell handled these tasks instead, particularly after Johnson's accident. Pl. Dep. Tr. at 31:3–12, 34:19–35:4; Johnson's L. R. 56(a)1 St. ¶¶ 9–10; Defs.' St. of Add'l Mat. Facts ¶¶ 11–12. Then, in rebuttal, Plaintiff expressly denies that Johnson had only a limited role in running New Horizon after her accident, citing evidence purporting to show that Johnson continued to be heavily involved in New Horizon's hiring decisions and day-to-day operations. Pl.'s L. R. 56(a)2 St. as to Johnson's Mot. ¶ 10.

This evidence raises questions regarding, for example, Johnson's control over the conditions of employment at New Horizon and her authority to set employees' hours of employment. As a result, the Court cannot decide, as a matter of law, whether Johnson is an employer under the economic reality test applicable under the FLSA or the Connecticut Supreme Court's test for determining employer status under the CMWA. Accordingly, both Johnson's

motion and Plaintiff's motion, to the extent it seeks summary judgment against Johnson as to Counts One and Two, are denied.[5]

### 2. *Defendant Lesinsky*

The Court next finds that genuine issues of material fact remain as to whether Defendant Lesinsky is an employer under the FLSA, but not as to whether she is an employer under the CMWA. The Court begins its analysis by discussing an inconsistency in Plaintiff's briefing on these issues. First, in his moving papers, Plaintiff "concedes that Defendant Lesinsky is not an employer for purposes of the FLSA and C[M]WA." ECF No. 148 at 14. Then, in response to Lesinsky's summary judgment motion, Plaintiff argues that Lesinsky's motion "should be denied because she is in fact an 'employer' as that is defined under both the FLSA and the C[M]WA and therefore she is liable under each statute." ECF No. 166 at 1. Lesinsky argues that Plaintiff's concession in his moving papers constitutes a judicial admission that resolves whether she is an employer under either statute. For the reasons below, the Court disagrees.

A judicial admission is "a statement made by a party or its counsel which has the effect of withdrawing a fact from contention and which binds the party making it throughout the course of the proceeding." *In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020). While the Court "can appropriately treat statements in briefs as binding judicial admissions of fact," *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994), the statement must be an "intentional, clear, and unambiguous" statement *of fact*; "a legal conclusion does not suffice," *In re Motors Liquidation Co.*, 957 F.3d at 360–61. Relevant here, the question of whether a defendant is an employer under

---

[5] Although the Court holds that there are questions of material fact precluding a finding as a matter of law as to whether Johnson may be considered Plaintiff's employer, the Court notes that it is skeptical of the validity of Defendants' arguments that Plaintiff demanded a specific schedule and thus, because he set his own schedule, they could disregard state and federal wage and hour laws. Defendants have presented no case law supporting the proposition that employers may escape liability under either the FLSA or the CMWA by arguing that the employee himself demanded certain hours and pay.

14

the FLSA "is a mixed question of law and fact," *Alvarado*, 511 F. Supp. 3d at 356, and Lesinsky has presented no case law suggesting that the question of whether a defendant is an employer under the CMWA should be viewed as a pure question of fact. Thus, Plaintiff's apparent concession that Lesinsky is not an employer under either statute does not constitute a pure statement of fact that qualifies as a judicial admission. *See JPMorgan Chase Bank, N.A. v. Earth Foods, Inc.*, 939 N.E.2d 487, 499 (Ill. 2010) (declining to find that statements pertaining to a mixed question of law and fact constituted judicial admissions because it is the courts' role to "determine the legal effect of the facts adduced").

The Court notes that, by conceding in his moving papers that Lesinsky is not an employer, Plaintiff has effectively resolved that issue for purposes of his *own* summary judgment motion; Plaintiff's concession, however, does not resolve whether Lesinsky is an employer for purposes of *Lesinsky's* motion. Rather, when both sides have moved for summary judgment, the Court "must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Coutard v. Mun. Credit Union*, 848 F.3d 102, 114 (2d Cir. 2017); *see also Richard Feiner & Co. v. H R Indus., Inc.*, 182 F.3d 901, 1999 WL 385763, at *3–4 (2d Cir. 1999) (holding that district court erred in granting one party's cross-motion for summary judgment based on a concession the adverse party made with respect to its own cross-motion only). Thus, the Court must review the record submitted in connection with Lesinsky's motion to decide whether she is entitled to summary judgment.

Upon review of the record, the Court concludes that questions of material fact preclude a finding as a matter of law that Lesinsky is not an employer under the FLSA. Lesinsky asserts that the record reflects that she is a "hands off" owner, that day-to-day management of New Horizon is split between Johnson and Carswell, that her role in New Horizon is limited to processing

15

payroll, that she does not participate in hiring, firing, or scheduling employees, and that she never discussed the nature of Plaintiff's compensation with him. *See* Lesinsky's L. R. 56(a)1 St. ¶¶ 3–6, 8–15. Plaintiff counters with evidence suggesting, among other things, that Lesinsky wrote and signed his checks, Pl. PJR Hearing Testimony, ECF No. 166-2, at 29:16–30:1, that Carswell told Plaintiff to discuss with Lesinsky issues about how he was being paid, *id.*, and that Lesinsky cooperated with Johnson during the process for hiring employees, Johnson PJR Hearing Testimony, ECF No. 166-2, at 77:17–78:13.

This conflicting evidence presents genuine issues of fact regarding the *Carter* factors. For example, the testimony Plaintiff cites regarding Lesinsky's participation in the employee hiring process raises questions about whether she "had the power to hire and fire" employees, the first *Carter* factor. Moreover, Plaintiff's evidence that Lesinsky signed his paychecks lends support to the proposition that Lesinsky was involved in determining the rate and method of payment to employees, the third *Carter* factor. *See Herman*, 172 F.3d at 140 (in discussing third factor, noting that purported employer "had the authority to sign paychecks throughout the relevant period"); *see also Michalow*, 2017 WL 9400690, at *11 (describing the defendant's "authority to sign paychecks" as "a significant consideration").

As noted, given the factual determinations involved, determining individual employer liability under the FLSA is an inquiry that is "rarely suitable for summary judgment." *Alvarado*, 511 F. Supp. 3d at 356; *see also Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 143–44 (2d Cir. 2008) ("Because of the fact-intensive character of a determination of joint employment, we rarely have occasion to review determinations made as a matter of law on an award of summary judgment."). Thus, in light of the conflicting evidence above, the Court cannot grant summary judgment in Lesinsky's favor on Count One.

By contrast, no genuine issues of material fact remain as to whether Lesinsky is an employer under the CMWA. An employer under the CMWA is someone who "possesses the ultimate authority and control within a corporate employer to set the hours of employment and pay wages and therefore is the specific or exclusive cause of improperly failing to do so." *Butler*, 704 A.2d at 227. Here, Plaintiff has conceded that *Johnson* "was primarily responsible for structuring [his] schedule, which structure remained until the end of his employment" and that *Johnson* "created ('structured') the $1,000 per week salary concept for Plaintiff." ECF No. 166 at 3. Plaintiff has also conceded that Lesinsky was not involved in setting his schedule. Pl.'s L. R. 56(a)2 St. as to Lesinsky's Mot. ¶¶ 14–15. Thus, while the Court cannot determine as a matter of law that Lesinsky is not an employer for purposes of the FLSA, *see Michalow*, 2017 WL 9400690 at *5 (discussing the "flexible" economic reality test applicable under the FLSA), Plaintiff's concessions leave no doubt that, based on the present record, Lesinsky is not an employer under the CMWA.

3. *In Sum*

In sum, questions of material fact preclude the Court from granting judgment as a matter of law for either Plaintiff or Defendant Johnson on the issues of whether Johnson is an employer under the FLSA and the CMWA. Issues of fact likewise preclude a finding as a matter of law on the issue of whether Defendant Lesinsky is an employer under the FLSA. Because Lesinsky and Johnson must be employers to be held liable under either statute, such issues of fact warrant denial of Plaintiff's requests for summary judgment against Johnson on Counts One and Two and Lesinsky on Count One. Additionally, because Johnson and Lesinsky move for summary judgment on the sole ground that they are not employers, these issues of fact warrant denial of Johnson's motion for summary judgment in its entirety and Lesinsky's motion as to Count One.

By contrast, on the present record, no questions of material fact preclude a finding as a matter of law that Lesinsky is not an employer under the CMWA. Accordingly, the Court grants Lesinsky's motion as to Count Two.

### V. PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff has also moved for sanctions against New Horizon for its failure to obtain successor counsel and to produce an updated disclosure of assets to Plaintiff, as ordered by the Court. Because the only specific sanction Plaintiff seeks is default, and because the Court has granted entry of default against New Horizon, the Court denies Plaintiff's motion for sanctions as moot.

### VI. CONCLUSION

For the reasons described herein, the Court issues the following orders.

(1) Counts Three, Four, and Six are ordered withdrawn from the Second Amended Complaint by amendment pursuant to Federal Rule of Civil Procedure 15(a)(2).

(2) Plaintiff's motion for entry of default against New Horizon (ECF No. 198) is granted. The Court directs the Clerk to enter default against New Horizon. By **April 13, 2023**, Plaintiff shall move for default judgment against New Horizon pursuant to Federal Rule of Civil Procedure 55(b).

(3) Plaintiff's motion for summary judgment (ECF No. 147) is denied in full. Specifically, it is denied as moot as to New Horizon with respect to Counts One and Two given New Horizon's default; it is denied to the extent he seeks summary judgment against Defendants Johnson and Lesinsky on Counts One and Two; and it is denied as moot to the extent he seeks summary judgment on Count Five.

(4) Defendant Johnson's motion for summary judgment (ECF No. 151) is denied.

(5)     Defendant Lesinsky's motion for summary judgment (ECF No. 154) is denied as to Count One and granted as to Count Two.

(6)     New Horizon's motion for summary judgment (ECF No. 157) is denied as moot.

(7)     Plaintiff's motion for sanctions (ECF No. 204) is denied as moot.

The Court will convene a conference with Plaintiff and Defendants Johnson and Lesinsky to set a trial date and deadlines for pretrial submissions with respect to Plaintiff's FLSA claim in Count One and CMWA claim in Count Two.

**SO ORDERED** at Hartford, Connecticut, this 23rd day of March, 2023.

 /s/ *Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE